UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2010 MAY 17 PM 3: 08
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

IRENE HERMANCE,

Plaintiff,

vs.

Case No.: 6:10-cv-767-ORL-34KRS

FOREMOST INSURANCE COMPANY,
a foreign insurance corporation,

Defendant.
_____/

## COMPLAINT

The Plaintiff, IRENE HERMANCE, by her undersigned attorneys, hereby sues the Defendant, FOREMOST INSURANCE COMPANY, a foreign insurance corporation, and alleges:

1. This is an action for breach of contract with damages in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

2. The Plaintiff, IRENE HERMANCE, is a citizen and resident of Casselberry, Seminole County, Florida.

3. The Defendant, FOREMOST INSURANCE COMPANY, is a corporation organized and existing pursuant to the laws of the State of Michigan, with its principal place of business located in that state.

4. This Court has jurisdiction of this action by virtue of 28 U.S.C. §1332 as the parties are citizens and residents of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. On or about May 23, 2009, the Defendant issued to Plaintiff a policy of motor home insurance. The Defendant at such time was authorized by the Department of Financial Services to transact insurance business in this state and in Seminole County. A true and correct copy of the subject policy of insurance is attached hereto as Exhibit A and made a part hereof.

6. On or about December 8, 2009, while the subject policy of insurance was in full force and effect, Plaintiff's motor home was stolen by a person or persons unknown.

7. Following the theft of the motor home, Plaintiff promptly notified the Defendant of the loss and damage and thereafter cooperated fully with the Defendant by honoring all contractual obligations possible.

8. Plaintiff submitted to an examination under oath by Defendant's counsel on March 29, 2010. Pursuant to the terms and conditions of the policy of insurance, Plaintiff had the obligation to submit to such examination under oath and to "subscribe the same". To date, Defendant has failed to provide Plaintiff a copy of the examination under oath and she is therefore unable to subscribe to same. Plaintiff will comply with this term of the policy when Defendant renders compliance possible.

9. The Defendant has failed and/or refused to respond to Plaintiff's claim substantively, asserting variously that the Plaintiff has obligations with which she has not complied and that strangers to the contract have an obligation to submit to examination under oath. As such, Defendant has neither denied nor acknowledged coverage and is simply, at this point, delaying matters. Defendant's refusal to respond substantively to this claim is a constructive denial of same.

10. The Defendant has breached its contract of insurance with the Plaintiff and the Plaintiff has been damaged thereby.

11. All conditions precedent to bringing this action have occurred, or have been waived by Defendant's conduct and/or wrongful refusal to pay this claim.

12. Plaintiff was required to retain the services of the undersigned attorneys in order to bring this action and has agreed to pay a reasonable fee therefor. Pursuant to Florida Statute §627.428, in the event Plaintiff prevails, she is entitled to recover her reasonable attorneys' fees from the Defendant.

WHEREFORE, Plaintiff demands judgement against Defendant, compensatory damages, interest, costs and a reasonable attorneys' fee.

**DEMAND FOR TRIAL BY JURY**

The Plaintiff hereby demands trial by jury of all issues so triable.

TYLER & HAMILTON, P.A.

_____
TY TYLER
Florida Bar No.: 363413
Midtown Centre, Building 4000
4811 Beach Boulevard, Suite 200
Jacksonville, Florida 32207
tandhpa@bellsouth.net
(904)398-9999   Telephone
(904)398-0806   Facsimile
Attorneys for Plaintiff, IRENE HERMANCE